**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**MARVIN O. COBB,**
Reg # 09419-076                                                                                   **PLAINTIFF**

V.                           CASE NO. 2:15-CV-00153 DPM/BD

USA                                                                                                        **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. All objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive any right to appeal questions of fact.

**II.   Discussion:**

   A.    Background

Plaintiff Marvin Cobb, an inmate at the Federal Correctional Complex ("FCC") in Forrest City, Arkansas, filed this lawsuit without the help of a lawyer. (Docket entries #2, #4) In his complaint, Mr. Cobb alleges that he has been continuously exposed to toxic

mold since his arrival at FCC in April of 2012, and that, as a result, he began having health problems in July of 2012. (#2)

In his amended complaint, Mr. Cobb abandoned his claim that the Defendant negligently exposed him to toxic mold in favor of a claim that the Defendant provided negligent medical care after his exposure to mold. (#26, #32) Mr. Cobb brings his claims under the Federal Tort Claims Act ("FTCA").

Defendant United States of America has moved for summary judgment, arguing that Mr. Cobb cannot prove the requisite elements of medical negligence under Arkansas law. (#52) Mr. Cobb has responded. (#56) Defendant has replied. (#57) And Mr. Cobb has responded to the reply. (#58, #59)

B. Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute about any fact that is important to the outcome of the case. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party (here, the United States) bears the initial burden of demonstrating the absence of a genuine dispute. *Celotex,* 477 U.S. at 323. If the United States meets this burden, Mr. Cobb must come forward with evidence showing that there is a real dispute that must be decided at trial. FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

  C. Discussion

 Because there is no general federal common law, claims brought under the FTCA are governed by the substantive law of the state where the alleged tortious acts occurred. 28 U.S.C. § 1346(b); *Johnson v. United States*, 534 F.3d 958, 963 (8th Cir. 2008); *Little White Man v. United States,* 446 F.3d 832, 835 (8th Cir. 2006). Because Mr. Cobb's medical care was delivered in Forrest City, Arkansas, the tort law of the State of Arkansas governs.

 Under Arkansas law, a plaintiff in a medical negligence action must prove: "(1) the applicable standard of care; (2) that the medical provider failed to act in accordance with that standard; and (3) that such failure was the proximate cause of the plaintiff's injuries." *Hamilton v. Allen*, 267 S.W3d 627, 631 (Ark. App. 2007)(citing *Webb v. Bound*, 85 S.W.3d 885, 891 (Ark. 2002). Plaintiffs bear the burden of proving these three elements by expert testimony, except in limited circumstances. ARK. CODE ANN. § 16-114-206(a); see also *Eaton v. US*, 2016 WL 10029485 (E.D. Ark. 2016); *Sells v. US*, 2016 WL 829985 (E.D. Ark. 2016). The one exception to the expert requirement applies to cases where the asserted negligence is so apparent that it can be deduced by those without expertise in the medical field. ARK. CODE ANN. § 16-114-206(a). In most cases, however, expert medical testimony is necessary because the allegations of medical negligence usually involve matters that are not within the general knowledge of lay jurors. *Mitchell v. Lincoln*, 237 S.W.3d 455 (Ark. 2006)(citations omitted).

Here, Mr. Cobb alleges that his medical problems were caused by exposure to toxic mold, and that the prison's medical personnel were negligent in treating his condition. (#26) Mr. Cobb reports that his symptoms include shortness of breath, asthma, respiratory issues, and a rash on his back. (#54-2, p.11, #59)

In his demand, Mr. Cobb seeks an order requiring the Defendant to test him for mold exposure, even though he concedes such a test "probably won't fix anything. It would just give me the understanding or relief to know I have got mold in my system or not." (#54-2, pp.10, 12)

In support of its motion for summary judgment, the United States has produced the opinion of a medical expert, H. James Wedner, M.D., who reviewed Mr. Cobb's medical records and his complaints. (#54-5) Dr. Wedner is a Professor of Medicine at Washington University School of Medicine and is Chief of the Division of Allergy and Clinical Immunology in the Department of Medicine. (#54-5)

According to Dr. Wedner, Mr. Cobb's medical conditions were accurately diagnosed and appropriately treated. (#54-5) Dr. Wedner opined, to reasonable degree of medical certainty, that Mr. Cobb's complaints are not consistent with mold exposure. (#54-5, p.2) After reviewing Mr. Cobb's medical records for an eight-year period (2008 to 2016), Dr. Wedner concluded that Mr. Cobb had received "appropriate and adequate care for his various medical conditions. . . . [including] his diagnostic evaluations and his treatments." (#54-5, p.8) He further attested that Mr. Cobb was treated in accordance

4

with the general standard of care in the United States.  Dr. Wedner further opined that Mr. Cobb needed no further diagnostic testing related to mold exposure.  (#54-5)

The diagnosis and treatment of toxic mold exposure is not a matter of common knowledge that a jury could determine without explanation from a medical expert.  Once the Defendant produced this expert medical evidence, the burden shifted to Mr. Cobb to produce a contradictory medical opinion, that is, an expert opinion that he was not diagnosed and treated in accordance with accepted medical standards.

Mr. Cobb responded to the motion for summary judgment, but he has not come forward with expert medical evidence.  He concedes that he does not have a medical expert, but states that he lacks the funds to hire a medical expert.  He has asked the court to appoint a medical expert for him.  (#54-2, pp. 13-14, #59)

Mr. Cobb notes that he is proceeding *in forma pauperis* in this case.  While that status entitles him to relaxed requirements for paying the filing fee and for serving the Defendant with process, it does not entitle him to cost-free discovery.  28 U.S.C. §1915(f); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074 (8th Cir. 1980).

### III.   Conclusion:

Without expert medical evidence to rebut Dr. Wedner's opinion, Mr. Cobb cannot establish essential elements of his case; that is, the applicable standard of care, breach, and proximate cause.  The Defendant, therefore, is entitled to judgment as a matter of

law.  Defendant's motion for summary judgment (#52) should be GRANTED, and Mr. Cobb's claims should be DISMISSED with prejudice.

    DATED this 16th day of March, 2017.

                                                 UNITED STATES MAGISTRATE JUDGE